[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has placed in the petitioner's records a sentence of fifteen (15) years in addition to the sentence he is presently serving of twenty-five (25) to forty (40) years which sentence has no basis in fact.
The petitioner during his testimony produced Petitioner's Exhibit 1 as corroboration for his petition. The exhibit contains copies of the three (3) mittimuses which make up the sentence of twenty-five (25) to forty (40) years he acknowledges he is serving. Attached thereto are time sheets, one of which he claims show that there is a fifteen (15) year sentence that he is serving in addition to one forty (40) year maximum sentence he acknowledges.
The respondent produced Michele DeVeau, records specialist, who explained from the three (3) mittimuses (Respondent's Exhibit A) how the time sheets were calculated. CR19-15675 has a total effective sentence of five (5) minimum and ten (10) years maximum, CR19-15556 has a total effective sentence of fifteen (15) minimum and twenty (20) years maximum and CR16-33494 has a twenty-five (25) minimum and a forty (40) year maximum and all three were made concurrent for a total effective sentence of twenty-five (25) minimum to forty (40) years maximum. Even though said sentences are being served concurrently, the time sheets reflect the unexpired term of each sentence. This means that even though the fifteen (15) year minimum and the twenty-five (25) year minimum are being served at the same time, the fifteen (15) years sentence has not yet expired but will expire before CT Page 13509 the twenty-five (25) year minimum. It does not mean, as the petitioner assumed, that there was some additional fifteen (15) year sentence to be served consecutive to the twenty-five (25) year sentence.
For the above reasons the petition is dismissed.
Thomas H. Corrigan Judge Trial Referee